ROBERT M. G. WALFORD, Respondent, *v.* FRANK C. HARRIS, Indi-
vidually and as Trustee, etc., Appellant, Impleaded with HARRY
B. BAILEY.  No. 1.

*Assets of a firm withheld by one partner — not a conversion, nor recoverable by
the co-partners — power of attorney to a co-partner does not abridge his rights —
accounting.*

A partner cannot convert the assets of a firm by simply keeping them in his pos-
session, and although the other members of the firm have an equal right to the
possession thereof, they should not be allowed, when it appears that the firm is
largely indebted to such partner, to compel him to pay over the same, except
so much thereof as on an accounting is determined to rightfully belong to them.

Neither can individual items be taken from the partnership affairs and be made to
form the subject of an independent proceeding, as, in order to determine the
rights of the partners, one against another, it is necessary to examine the
whole proceedings of the co-partnership and to determine whether this partner
or that partner has overdrawn or is in debt.

The fact that two of the partners in a firm gave to the third partner a power of
attorney to settle up the affairs of such firm, does not in any way sacrifice or
release or abridge the rights of the third partner, as such, to liquidate the affairs
of the firm, and as such liquidator, if he is called upon to account for any one
of his proceedings, he is entitled to have a general settlement if in his answer
he demands an accounting.

APPEAL by the defendant, Frank C. Harris, individually and as
trustee, etc., from an interlocutory judgment of the Supreme Court
in favor of the plaintiff, entered in the office of the clerk of the
county of New York on the 6th day of January, 1894, upon the
report of a referee.

*R. P. Harlow,* for the appellant.

*H. H. Whitman,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to compel an accounting by the defendant H. B. Bailey in reference to certain co-partnership transactions, and also for an accounting by the defendant Harris, as attorney in fact of the plaintiff and the said Bailey. The defendant Harris by his answer demanded a general accounting of all the transactions of the plaintiff, Bailey and himself. The referee in his report gave a judgment against the defendant Harris for money, decided that Harris was not entitled to certain rights claimed by him, and that a referee should be appointed to take and state the accounts of all dealings between the plaintiff and the defendants Bailey and Harris, and an account between the plaintiff and the defendant Bailey and the defendant Harris, as attorney in fact. A judgment was duly entered in accordance with this report, and from this judgment the present appeal is taken.

The facts upon which the rights of the parties depend, so far as they are affected by this appeal, seem to be undisputed, and they are as follows: Prior to the 31st of December, 1886, the plaintiff and the defendants Bailey and Harris had been co-partners composing the firm of H. B. Bailey & Co., which in this proceeding has been called No. 1. On that day the firm was dissolved by mutual consent, the defendant Harris retiring from the firm, retaining an interest, however, in certain assets belonging to the firm. At the time of the retirement of Harris from said firm of H. B. Bailey & Co., No. 1, an arrangement was made between the plaintiff and the defendants Harris and Bailey that the plaintiff and the defendant Bailey should liquidate the affairs of the firm No. 1; and a new firm was formed between the plaintiff and the defendant Bailey, who continued the business under the same firm name, called No. 2, which firm proceeded to and did act as liquidators of the firm of H. B. Bailey & Co., No. 1, down to the 22d of March, 1890. At the time of the retirement of Harris it appeared that the concern owed him a considerable amount of money. On the 22d of March, 1890, the firm of H. B. Bailey & Co., No. 2, was dissolved by mutual consent, and upon the same day the plaintiff Walford and the defendant Bailey gave to the defendant Harris a power of attorney to collect the assets of the firm of H. B. Bailey & Co., No. 1, and on their receipt to apply and pay over the same to the persons

who might be legally entitled thereto. Upon the same day the same persons gave another power of attorney to the defendant Harris authorizing him to take any proceeding for the recovery or satisfaction of certain claims, debts, outstanding accounts and bills receivable particularly mentioned in said power of attorney, some of which belonged to the firm of H. B. Bailey & Co., No. 1, and others to the firm of H. B. Bailey & Co., No. 2. And said attorney was empowered by said instrument to apply and pay over the proceeds collected to the creditors of the firm of H. B. Bailey & Co., and to such persons as might be legally entitled thereto, before any distribution or disposition of said funds or moneys was made to said Bailey or Walford or to said Harris. On the same day a third paper was executed by all the above parties by which they mutually covenanted and agreed that they should each of them severally use their best endeavors to assist, help, advise and aid said Harris in the collection and realization of the claims mentioned and described in the last-mentioned power of attorney. Bills of sale were exchanged between Bailey and Walford, by which Bailey transferred the business of the said firm conducted in the city of New York to Walford, and Walford transferred to Bailey the business transacted at Newport News, Virginia. In the course of the liquidation of the affairs of firm No. 1, the defendant Harris, in August, 1891, collected from insurance companies the sum of $6,000 on account of the loss of a vessel named in the second power of attorney, which was an asset of firm No. 1. Out of this sum Harris paid a certain amount to creditors of firms Nos. 1 and 2, and retained the balance, claiming the right so to do because of an indebtedness of firm No. 1 to him.

No accountings have been had between the parties. This action was commenced, as far as it is against the defendant Harris, to procure an accounting from him of his proceedings as the attorney in fact of Bailey and Walford under the powers of attorney given by them. The defendant Harris, as has been heretofore stated, demanded in his answer a general accounting.

We are unable to see upon what theory the defendant Harris can be compelled to account specially in regard to any of the assets of the firm of H. B. Bailey & Co., No. 1. And we are at a loss to understand what additional authority was conferred upon the defend-

ant Harris in respect to the liquidation of the affairs of that firm by the powers of attorney which he did not possess by virtue of his partnership relation. It appears to be admitted by the plaintiff in this action that at the time of the dissolution of the firm of H. B. Bailey & Co., No. 1, there was a large sum of money due to Harris for merchandise. It also appears that Harris has collected certain moneys belonging to this firm, and entirely independent of the question as to whether the other partners are indebted to him as the result of the joint adventure, he is decreed to pay over this money to a receiver. It undoubtedly was the theory under which this judgment was entered that some different relation was created by reason of the power of attorney which the plaintiff Walford and the defendant Bailey gave to Harris in respect to the affairs of firm No. 1. There is nothing in the case tending to show that by any valid agreement Harris had resigned any claim to liquidation. It is true there was an agreement that the new firm were to liquidate the affairs of the old firm; but that was a mere matter of agreement, apparently being without consideration, and, therefore, not obligatory. It was an amicable arrangement between these parties, and when that firm went out of existence then the whole question of the liquidation of both firms was transferred to Harris, the partner in the first.

Whatever might be the rights of the plaintiff and the defendant Bailey in respect to the affairs of firm No. 2, it is manifest that in respect to the assets of firm No. 1, it appearing that the firm was largely indebted to Harris, he should not be compelled to pay over any moneys until his claim against the firm has been adjusted, except perhaps so far as might be necessary to liquidate the indebtedness of said firm. Therefore, before any judgment should be entered against the defendant Harris in regard to the moneys in his hands belonging to firm No. 1, he was entitled to a general accounting of the affairs of the firm. A partner cannot convert the assets of the firm by simply keeping them in his possession. It is true that the other members of the firm have an equal right to possession, but they should not be allowed to compel him to pay over such moneys where it appears that the firm is largely indebted to him, except such amount as on an accounting is determined to rightfully belong to them. Neither can individual items be

taken from the partnership affairs and made to form the subject of an independent proceeding, for the simple reason that in order to determine the rights of the partners, one against the other, it is necessary to examine the whole proceedings of the co-partnership, and thus determine as to whether this partner or that partner has overdrawn or is in debt. But in the case at bar, it has been assumed, because of the existence of these powers of attorney, that some other or different rule should be applied; that some more strict relation existed between Harris and his co-partners in reference to the liquidation of the business of firm No. 1 than would have obtained had no such instruments been executed. As has been already observed, we fail to see how the rights of Harris as a partner were in any way sacrificed or released or abridged by reason of the existence of either of these powers of attorney. He had the right to liquidate the affairs of the firm, and, as such liquidator, if he was called to account for any one of his proceedings, he was entitled to have a general settlement. In the case at bar, his rights are adjudicated upon independent of what the general result may be, and he is directed to pay over money, although it may ultimately appear that every cent of it belongs to him, and that he has not exercised any power as against his co-partners which he was not authorized to do.

It seems to us that the rights of the parties have been misconceived, and that the plaintiff was not authorized, because of the giving of these powers of attorney, to proceed against the defendant Harris — certainly so far as the affairs of firm No. 1 are concerned, which is the only matter in respect to which an affirmative judgment is granted against the defendant Harris — except as a partner for an accounting and settlement of the whole affairs of the co-partnership.

The judgment should be reversed and a new trial ordered before another referee, to be appointed upon the entry of the order herein, with costs to the appellant to abide the event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed, new trial ordered before another referee, to be appointed upon the entry of the order herein, with costs to appellant to abide the event.